IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 10-CV-21049-JLK

RODRIGO AGUILERA,
    Plaintiff,

v.

LINDA SWACINA, District Director
USCIS, Miami, et al.,
    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE comes before the Court on Defendants' Motion to Dismiss (DE #12), filed July 8, 2010.[1] After consideration of the arguments put forth by both parties and for the following reasons, the Court finds that Defendants' motion must be granted and Plaintiff's Complaint shall therefore be dismissed.

### I. Background

Plaintiff, a Cuban citizen, entered the United States illegally on June 12, 1967, when he passed through a port of entry near Nogales, Arizona. (DE #1 at 3). At the time of his arrival, Plaintiff was a fifteen-year old student. *Id.* On an undisclosed date, Plaintiff subsequently and voluntarily turned himself in to Immigration and Nationalization in Los Angeles, California. *Id.* Plaintiff claims he was released and therefore constructively paroled.

---

[1] The issues raised by Defendants' Motion to Dismiss have been sufficiently briefed by the parties, as Plaintiff filed a reply (DE #13) on July 28, 2010, to which Defendants filed a response (DE #14) on August 4, 2010. This matter is therefore properly before this Court.

Nearly thirty years later, on April 14, 1997, Plaintiff filed an application to adjust his status to that of a lawful permanent resident (Form I-485) pursuant to the provisions of the Cuban Adjustment Act, Public Laws 89-732, November 2, 1966. Plaintiff also filed an Application for Waiver of Ground of Inadmissibility (Form I-601) relating to two earlier convictions for unemployment fraud and for grand theft. Both Plaintiff's I-485 and I-601 were subsequently denied. (DE #12-D,E). Plaintiff appealed the denial of his I-485 application. His appeal was rejected for lack of jurisdiction under the Cuban Adjustment Act. (DE #12-F). Over ten years later, Plaintiff applied for a replacement arrival-departure document but was again rejected. (DE #12-H).[2]

On April 2, 2010, Plaintiff filed suit against Defendants seeking relief under the Administrative Procedures Act, 5 U.S.C. § 702 *et seq.*, the Mandamus Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. 2201. Specifically, Plaintiff purports to seek the following relief relating to his immigration applications with the Department of Homeland Security:

1) correction of the record maintained by DHS to reflect that he turned himself into DHS, rather than that he was "encountered and apprehended" as currently reflected;

2) judicial notice of his grant for voluntary departure;

3) judicial notice of an I-94 application that he no longer possesses; and

4) judicial decree that he was constructively paroled by an officer of the former Immigration and Nationalization Services.

While Plaintiff fails to demonstrate how these judicial decrees would affect his immigration status, presumably such decrees would provide a basis for reconsideration of his I-485 application.

---

[2] Here, it must be noted that Plaintiff and Defendants agree regarding the above-stated facts. (DE #13 at 1).

In response, Defendants have now filed a Motion to Dismiss, arguing that this Court lacks jurisdiction over Plaintiff's claims.

## II. Legal Standard for Motion to Dismiss

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may be dismissed only if the facts as pleaded fail to state a facially plausible claim to relief. *See Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable.") (quoting *United States v. Students Challenging Regulatory Ag. Proc.,* 412 U.S. 669, 688 (1973)). Finally, in analyzing the sufficiency of the complaint, the Court limits its consideration to "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004).

## III. Discussion

As grounds for dismissal, Defendants argue that dismissal of Plaintiff's claims is appropriate on two separate and independent grounds: 1) lack of subject-matter jurisdiction; and 2) failure to state a cause of action.

3

A. Lack of Subject-Matter Jurisdiction

Defendants argue that, insomuch as "Plaintiff is seeking review of USCIS's denial of his adjustment application, ... the jurisdictional stripping provision of [the relevant law] precludes this Court's review of discretionary denial decisions..." (DE #12 at 4). *Accord Grinberg v. Swacina*, 378 F. Supp. 2d 1350 (S.D. Fla. 2007) (federal district court lacks jurisdiction to compel timely adjudication of immigration status). While Defendants admit that this Court retains jurisdiction to hear claims arising under the U.S. Constitution and decide certain questions of law, *Ayanbadejo v. Chertoff*, 517 F.3d 273, 276-77 (5th Cir. 2008), Defendants claim that Plaintiff is instead seeking to enjoin the federal government from its lawful removal proceedings directed towards Plaintiff. As such, Defendants argue that Plaintiff states no cognizable claims for this Court to adjudicate. (DE #12 at 5).

In an apparent attempt to sidestep this Court's lack of subject-matter jurisdiction, Plaintiff, in his response to Defendants' motion to dismiss, now seeks to raise a constitutional claim of deprivation of his due process rights. (DE #13 at 1-2). However, since Plaintiff pleads no facts that would rise to a violation of due process in his original Complaint, this Court shall disregard Plaintiff's eleventh-hour claim regarding an alleged due process violation.

Plaintiff also claims that this Court has jurisdiction over his immigration status insomuch as that decision was based, not on discretionary authority, but instead upon the record of Plaintiff's status as maintained by Defendants. Plaintiff cites to *Ruiz v. Mukasey*, 552 F.3d 269 (2d Cir. 2009) as support. In *Ruiz*, the issue was whether a district court could review the granting of relief by USCIS under 8 U.S.C. § 1154. In that

case, an alien sought review of the denial of an I-130 petition filed with the United States Citizenship and Immigration Services.[3]  The Second Circuit found that, because an I-130 petition is filed pursuant to 8 U.S.C. § 1154(a)(1)(A)(i), district court review is not barred. In part, the basis for the Second Circuit's decision was that Section 1154 did not specify that a determination made pursuant to that section was done "in the discretion of the Attorney General." *Id.* at 275.  Lacking this language, the statute did not prevent review of some types of I-130 denial; specifically, review was permitted for those situations in which determinations are not committed to agency discretion.

Plaintiff now relies upon *Ruiz* and argues that this Court has the jurisdiction to review the USCIS's determination regarding Plaintiff's I-485 application. He argues that, because "[n]othing in USCIS's decision indicates that the agency denied Mr. Aguilera's application based on its discretionary authority" (DE #13 at 2), this Court has the authority to review the USCIS's action.

Plaintiff misreads *Ruiz*. In *Ruiz*, the Second Circuit noted that I-485 applications for adjustment of status to a lawful permanent resident, unlike I-130 applications, are made pursuant to 8 U.S.C. § 1255(a). *See Ruiz*, 552 F.3d at 275 n.4. 8 U.S.C. § 1252(a)(2)(B)(i) directs that "no court shall have jurisdiction to review ... any judgment regarding the granting of relief under [8 U.S.C. §] 1255." As such, the Second Circuit in *Ruiz* acknowledged that I-485 denials are not subject to district court review. *Id.* at 275 n.4 (holding denial of I-485 application is not within a district court's jurisdiction); *accord Ayanbadejo v. Chertoff*, 517 F.3d 273, 276-77 (5th Cir. 2008) ("The law makes clear that ... the district court lack[s] jurisdiction over determinations made with respect

---

[3] Importantly, in that case the plaintiff's I-485 application had also been denied but had not been appealed and was therefore not before the Court. *Ruiz*, 552 F.3d at 272.

to an I-485 application"). None of the bases for relief cited to by Plaintiff in his Complaint – the Administrative Procedures Act; the Mandamus Act; or the Declaratory Judgment Act – permit the Court to make an end-run around the lack of jurisdiction over Defendants' denial of Plaintiff's I-485 application. Until such time as Plaintiff has exhausted his administrative remedies, *Amaya-Artunduaga v. United States Atty. Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006), this Court has no jurisdiction over Plaintiff's claim.

B. Failure to State a Cause of Action

Defendants further argue that Plaintiff's Complaint fails to state a cognizable cause of action. (DE #12 at 10-14). This Court agrees. Even if the Court possessed subject-matter jurisdiction over Plaintiff's Complaint, Plaintiff cannot state a valid and legally cognizable claim.

**IV. Conclusion**

Accordingly, after careful consideration of the arguments put forth by the parties, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendants' Motion to Dismiss be, and the same is hereby, **GRANTED** for lack of subject-matter jurisdiction.
2. The above-styled action is **DISMISSED WITH PREJUDICE.**
3. All pending motions are **DENIED AS MOOT**.
4. The Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in chambers at Miami, Florida, this 15th day of September, 2010.

_____
Honorable James Lawrence King
United States District Judge

**Cc:**

**Counsel for Plaintiff**
**Eduardo Rigoberto Soto**
Eduardo Soto
999 Ponce de Leon Boulevard
Suite 940
Coral Gables, FL 33134
305-446-8686
Fax: 529-0445
Email: webmaster@esotopa.com

**Counsel for Defendants**
**Milton Aponte**
United States Attorney's Office
Federal Justice Building
99 NE 4th Street
Miami, FL 33132
305-961-9404
Fax: 530-7139
Email: Milton.Aponte2@usdoj.gov